lee, elmer edward v. state 









                                        NO. 12-07-00351-CR

NO. 12-07-00352-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

JORGE
CUEVAS,    §          APPEALS FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            These appeals are being dismissed for want of
jurisdiction.  Appellant pleaded guilty to
aggravated sexual assault of a child (trial court cause number 007-2780-06) and
tampering with government records (trial court cause number 007-0676-07).  Sentence was imposed on July 17, 2007.








            Texas Rule of Appellate Procedure 26.2 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new
trial is timely filed.  When a timely
motion for new trial has been filed, notice of appeal shall be filed within
ninety days after the sentence is imposed or suspended in open court.  Id. 
A motion for new trial must be filed not later than thirty days
after the trial court imposes or suspends sentence in open court.  Tex.
R. App. P. 21.4(a).  Appellant
filed a motion for new trial in each cause on August 17, 2007, which was 31
days after the trial court imposed sentence in open court.  Therefore, Appellant’s motions for new trial
were untimely and did not extend the time for filing his notice of appeal.  Consequently, Appellant’s notice of appeal
was due to have been filed on or before August 16, 2007.  However, Appellant did not file his notice of
appeal in either cause until September 11, 2007 and did not file a motion for
extension of time to file either notice of appeal as permitted by Texas Rule of
Appellate Procedure 26.3.

            On September 18, 2007, this court notified Appellant,
pursuant to Rules 26.2 and 37.1, that the clerk’s record did not show the
jurisdiction of this court, and it gave him until September 28, 2007 to correct
the defect.  The deadline has now passed,
and Appellant did not furnish information showing the jurisdiction of this
court or otherwise respond to this court’s notice.        

            Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeals must
be dismissed.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, the appeals are dismissed for want of jurisdiction.

Opinion
delivered October 3, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)